UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| A.M. CASTLE & CO., ) | |
| ) | Case No.: 25-0219 |
| Plaintiff, ) | |
| v. ) | |
| ) | Honorable Judge Sara L. Ellis |
| REMARMS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, A.M. Castle & Co. ("Castle Metals" or "Plaintiff"), files this First Amended Complaint for monetary damages, as follows:

**BACKGROUND**

1. Castle Metals brings this action against Defendant, RemArms, LLC (also referred to herein as "Remington") for breach of contract and promissory estoppel.

2. Castle Metals seeks civil money damages in excess of $75,000.00, exclusive of interest, court costs, and attorneys' fees.

**PARTIES AND JURISDICTION**

3. Castle Metals is a corporation organized and existing under the laws of the State of Maryland, whose principal place of business is in Oak Brook, Illinois.

4. Remington is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 205 North Lewis Street, Lagrange, Georgia.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 exclusive of interest, court costs, and attorneys' fees and because Castle Metals and Remington are citizens of different states.

1

6. This Court has personal jurisdiction because Remington has its corporate headquarters and principal place of business in Oak Brook, Illinois.

7. This Court has specific jurisdiction over Remington because the allegations stated herein that support Castle Metals' claims (1) occurred in and were directed to the State of Illinois; and (2) Remington committed unlawful acts in breach of its contractual agreements in the State of Illinois, with respect to contractual agreements that were negotiated and entered into in the State of Illinois.

8. Venue is proper in this Court because the acts giving rise to this dispute took place in and caused injury to Castle Metals in Oak Brook, Illinois, and within this judicial district.

9. All conditions precedent to the filing of this action have occurred, been waived, or been otherwise performed.

## **GENERAL ALLEGATIONS**

10. Remington manufactures firearm products and parts. Remington produces and sells firearms and ammunition products for the hunting and shooting sports markets, as well as other military and/or law enforcement markets. Remington serves customers throughout the United States, including customers within the State of Illinois and customers within this judicial district.

11. Castle Metals is a corporation that, among other things, processes and distributes metals to customers located throughout the United States, including customers located within the State of Georgia.

12. Remington and Castle Metals entered into various agreements for the sale of materials from Castle Metals to Remington. These materials were subsequently prepared, delivered, and accepted by Remington. Nevertheless, they remain unpaid and overdue.

13. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012367. A true and correct copy of this Purchase Order is attached hereto as **Exhibit A** and is incorporated by reference.

14. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012367. Under the applicable terms, payment for the materials is overdue and Remington owes $11,074.14 for unpaid goods, plus interest.

15. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012370. A true and correct copy of this Purchase Order is attached hereto as **Exhibit B** and is incorporated by reference.

16. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012370. Under the applicable terms, payment for the materials is overdue and Remington owes $24,470.10 for unpaid goods, plus interest.

17. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012351. A true and correct copy of this Purchase Order is attached hereto as **Exhibit C** and is incorporated by reference.

18. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012351. Under the applicable terms, payment for the materials is overdue and Remington owes $25,060.69 for unpaid goods, plus interest.

19. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012369. A true and correct copy of this Purchase Order attached hereto as **Exhibit D** and is incorporated by reference.

20. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012369. Under the applicable terms, payment for the materials is overdue and Remington owes $33.102.00 for unpaid goods, plus interest.

21. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012370. A true and correct copy of this Purchase Order is attached hereto as **Exhibit B** and is incorporated by reference.

22. Remington accepted the shipment and invoicing of materials for Purchase Order No. 450012370. Under the applicable terms, payment for the materials is overdue and Remington owes $12,235.05 for unpaid goods, plus interest.

23. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500014239. A true and correct copy of this Purchase Order is attached hereto as **Exhibit E** and is incorporated by reference.

24. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500014239. Under the applicable terms, payment for the materials is overdue and Remington owes $39,232.00 for unpaid goods, plus interest.

25. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012367. A true and correct copy of this Purchase Order is attached hereto as **Exhibit A** and is incorporated by reference.

26. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012367. Under the applicable terms, payment for the materials is overdue and Remington owes $4,241.16 for unpaid goods, plus interest.

27. Remington placed an order with Castle for materials, the terms of which were entered into a written agreement, entitled Purchase Order No. 4500012351. A true and correct copy of this Purchase Order is attached hereto as **Exhibit C** and is incorporated by reference.

28. Remington accepted the shipment and invoicing of materials for Purchase Order No. 4500012351. Under the applicable terms, payment for the materials is overdue and Remington owes $48,231.72 for unpaid goods, plus interest.

29. With respect to the purchases and Purchase Orders (referred to collectively as the "Purchase Order Agreements") set forth above, Remington's payment for the goods was due within 30 days net of receipt. *See* Exhibits A-E.

30. Remington has not rejected any goods provided under the Purchase Order Agreements and has not disputed that it is not liable for the payment of goods under the Purchase Order Agreements.

31. At all times mentioned herein, Castle Metals performed all duties, obligations, and conditions required of it pursuant to the Purchase Order Agreements.

32. Remington currently owes $197,646.86.86 for goods delivered by Castle Metals under the Purchase Order Agreements, plus interest.

33. Under the terms and conditions of the Purchase Order Agreements, "In any action or proceeding arising under this Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs." *See* Exhibits A-E.

34. Prior to initiating suit, Castle Metals has demanded that Remington pay for all the materials Remington ordered, received, and accepted pursuant to the terms of the Purchase Order Agreements.

## CAUSE OF ACTION

### Breach of Written Contracts

35. Castle Metals re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 34, inclusive as though fully set forth herein.

36. As set forth herein, Castle Metals and Remington entered into various agreements wherein Remington agreed to pay Castle Metals in exchange for the preparation and delivery of various materials ordered by Remington.

37. Remington unequivocally breached the terms of the Purchase Order Agreements when it impermissibly failed to pay Castle Metals any and all amounts due pursuant to the terms of the Purchase Order Agreements.

38. Castle Metals has performed all agreements and conditions on its part to be performed under the Purchase Order Agreements.

39. As a direct and proximate result of Remington's breach, Castle Metals has suffered damages by being forced to uphold all its obligations under the Purchase Order Agreements without receiving the compensation Remington promised Castle Metals within the Purchase Order Agreements, in an amount to be proven at trial that exceeds $75,000, including interest from the dates of breach, defense costs, attorneys' fees, discovery expenses, and other items of damages not yet known or ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Castle Metals seeks judgment in its favor, awarding damages, costs, interest, and attorneys' fees, and any such relief available through the parties' agreements and at common law, together with any such other and further relief deemed appropriate by the Court.

**JURY TRIAL DEMANDED**

Castle Metals demands trial by jury on all issues so triable.

Dated: February 26, 2025

Respectfully submitted,

By: */s/ Craig R. Annunziata*
Craig R. Annunziata
James M. Hux, Jr.
FISHER PHILLIPS LLP
cannunziata@fisherphillips.com
jhux@fisherphillips.com
10 South Wacker Drive, Suite 3450
Chicago, IL 60622

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Now comes the undersigned and hereby certifies that a true and correct copy of the foregoing *First Amended Complaint* has been served via email, the Court's CM/ECF system, and regular U.S. mail, this the 26th day of February 2025, upon the following:

Kirk Watkins
Esbrook, PC
321 N. Clark Street
Suite 1930
Chicago, IL 60654
Kirk.watkins@esbrook.com

*Attorney for Defendant RemArms, LLC*

    */s/ Craig R. Annunziata*
    Craig R. Annunziata